IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Sammiel L. White, | ) | Civil Action No. 2:12-cv-02990-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Carolyn W. Colvin, | ) | |
| Acting Commissioner of Social Security | ) | |
| Administration[1], | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Sammiel L. White ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Bruce H. Hendricks, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 17.)

The magistrate judge issued a Report in which she concluded that the decision of the Administrative Law Judge ("ALJ") to deny Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") was not supported by substantial evidence. (Id. at 14.) Accordingly, the magistrate judge recommends that the court reverse the Commissioner's final decision and remand the matter to her for further proceedings. (Id.) The Commissioner filed objections to the Report asserting that her final decision is supported by substantial evidence.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as Defendant in this lawsuit.

1

(ECF No. 20.)  For the reasons set forth below, the court **ACCEPTS IN PART AND REJECTS IN PART** the magistrate judge's Report and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI pursuant to sentence four of 42 U.S.C. § 405(g) and remands the case to the Commissioner for further proceedings consistent with this decision.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The relevant factual and procedural background of this matter is discussed in the Report. (See ECF No. 17.)  The court concludes, upon its own careful review of the record, that the magistrate judge's factual and procedural summation is accurate and incorporates it by reference. The court will only reference herein facts pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on October 5, 1974 and is presently thirty-nine years old.  (ECF No. 11-5 at 2.)  Plaintiff is illiterate and has past work experience as a landscaper, concrete plant laborer, and a hotel/resort houseman.  (ECF Nos. 11-2 at 31, 11-6 at 4.)  Plaintiff alleges he became disabled on May 17, 2009 after receiving multiple gunshot wounds to the abdomen and right hip.  (ECF No. 11-7 at 23, 26-28.)  After undergoing emergency surgery, including a colostomy, Plaintiff was discharged on May 23, 2009 in stable condition.  (Id. at 24.)  In addition, Plaintiff alleges that he was diagnosed with borderline intellectual functioning based on verbal, performance, and full-scale IQ scores in the 70s.  (Id. at 4.)

Plaintiff filed an application for DIB and SSI on June 22, 2009 regarding a disability which he alleged began on May 17, 2009.  (ECF No. 11-5 at 2-15.)  Plaintiff's application was denied initially on October 30, 2009 and upon reconsideration on May 14, 2010.  (ECF Nos. 11-4 at 2-9.)  Plaintiff requested a hearing on June 1, 2010.  (ECF No. 11-4 at 18-22.)  On February 25, 2011, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), who found on

March 18, 2011 that Plaintiff was not under a disability as defined by the Social Security Act ("SSA"). (ECF No. 11-2 at 19, 26-36.) In support of his findings, the ALJ determined that Plaintiff had a residual functional capacity ("RFC") to perform a full range of sedentary work. (ECF No. 11-2 at 17.) The ALJ further relied on the Medical Vocational Guidelines (the "Grids") to determine that Plaintiff was not disabled considering his age, education, and work experience. (Id. at 19.) Thereafter, the Appeals Council denied Plaintiff's request for review on August 28, 2012, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (Id. at 2-5.)

Subsequently, on October 16, 2012, Plaintiff commenced this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB and SSI. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a) D.S.C., the magistrate judge issued the Report on October 31, 2013. (ECF No. 17 at 1.) In the Report, the magistrate judge found that (1) the ALJ failed to discuss the combined effect of Plaintiff's impairments of borderline intellectual functioning, illiteracy, and a colostomy bag; (2) the ALJ failed to offer sufficient explanation regarding his use of the Grids and why they were not disqualified by Plaintiff's alleged non-exertional impairments; and (3) the ALJ failed in his affirmative duty to fully and fairly develop the record. (Id. at 5-13.)

The Commissioner filed timely objections to the Report on November 18, 2013 alleging that the magistrate judge erred for the following reasons:

1) she determined that remand was necessary because she was not satisfied by the ALJ's explanation for his reliance on the Grids;

2) she determined that remand was necessary because she was not satisfied by the ALJ's

3

explanation of his findings regarding the relationship between Plaintiff's borderline intellectual functioning and his status post gunshot wound; and

3) she relieved Plaintiff of his burden of production and persuasion and shifted it to the ALJ. (ECF No. 20.)

Plaintiff filed a response to the Commissioner's objections to the Report on November 25, 2013 asserting that substantial evidence did not support the ALJ's decision. (ECF No. 21.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     <u>The Magistrate Judge's Report and Recommendation</u>

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983); <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.     <u>The Court's Standard of Review</u>

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times

as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. See Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." Vitek, 438 F.2d at 1157–58.

C.     The Magistrate Judge's Report

In the report, the magistrate judge observed that the grids relieve the Commissioner's need to use a vocational expert, but are not conclusive if the plaintiff has non-exertional limitations in addition to exertional limitations. (ECF No. 17 at 5 (citing, e.g., 20 C.F.R. § 404.1569).) In this regard, even though Plaintiff has alleged non-exertional impairments of borderline intellectual functioning, illiteracy, and use of a colostomy bag, the court must evaluate whether his non-exertional limitations eroded the "occupational base significantly enough to undermine the utility of the Grids." (Id. at 6 (citing, e.g., Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989)).) In consideration of the foregoing, the magistrate judge stated disagreement with Plaintiff's argument that "if the impairment is severe enough to effect the plaintiff's ability to work, at step two, then it must likewise be severe enough to constitute a non-exertional impairment at step five, such that the Grids may not be relied upon dispositively." (Id. at 7.)

5

The magistrate judge further disagreed with Plaintiff's argument that if at step three "the plaintiff suffers moderate difficulties in concentration, persistence or pace [], [this fact] prohibits any subsequent determination that his non-exertional limitation is yet still too insignificant to erode the occupational base of sedentary work." (Id. at 9.)

Despite her disagreement with Plaintiff on the above points, the magistrate judge stated apprehension regarding whether the ALJ adequately explained the basis for his reliance on the Grids. (Id. at 10.) Specifically, the magistrate judge expressed concern regarding the ALJ reaching a finding that Plaintiff could perform the "full range of sedentary work" without an explanation of why his non-exertional limitations did not erode the base of available sedentary work. (Id. at 11.) She further expressed concern regarding whether the ALJ offered any discussion regarding the combined effects of Plaintiff's impairments. (Id.) In this regard, the magistrate judge found that the ALJ should have done "more to explain how he viewed the relationship and effect of these non-exertional impairments and why they do or do not clearly erode the base of sedentary work." (Id. at 12.)

Finally, the magistrate judge voiced criticism of the age and sparsity of the record observing that the last medical record for Plaintiff was dated September 9, 2009 and all the evidence regarding Plaintiff's intellectual functioning was more than fifteen years old. (Id.) After acknowledging the ALJ's affirmative duty to fully and fairly develop the record, the magistrate judge spared the parties blame for the failure to make the record complete. (Id. at 12-14.)

Based on the foregoing, the magistrate judge recommended reversing the Commissioner's final decision and remanding the matter for further proceedings. (Id. at 14.)

6

D.       The Commissioner's Objections and Plaintiff's Response

Objections to the Report must be specific. See U.S. v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984) (failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge); see also Camby, 718 F.2d at 199 (in the absence of specific objections to the Report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation).

The Commissioner requested that the court reject the magistrate judge's "recommendation that the case be remanded for further development of the record and discussion of the combined effect of Plaintiff's impairments." (ECF No. 20 at 1.) In particular, the Commissioner disagreed with the magistrate judge's conclusions that the ALJ had to offer more explanation than he did regarding either the basis for his reliance on the Grids or his findings regarding the effect of Plaintiff's borderline intellectual functioning and his status post gunshot wound that required him to wear a colostomy bag. (Id. at 2, 8.) In this regard, the Commissioner argued that the magistrate judge improperly shifted Plaintiff's burden of production to the ALJ. (Id. at 11.) The Commissioner further argued that Plaintiff's claims should fail because he did not "(1) present evidence sufficient to support a disability finding, and (2) make even a minimal showing that additional evidence would have affected the ALJ's decision—and turned them into grounds for remand." (Id.)

In response to the Commissioner's objections, Plaintiff asserts that the ALJ should have "obtained current borderline intelligence testing" because the Grids do not address it. (ECF No. 21 at 1, 3.) Moreover, Plaintiff further asserts that because the ALJ did not "provide his rationale for how a person who is illiterate with borderline intellectual functioning could perform the full

7

range of unskilled sedentary work, substantial evidence does not support the ALJ's decision. (Id.)

E.    The Court's Review

The Commissioner objects to the assertion that she bears some responsibility for the inadequate record before the court.  In the Report, the magistrate judge criticized the age and sparsity of the record before the court and implied that the ALJ had some responsibility for this since he had an affirmative duty to fully and fairly develop the record.  (See ECF No. 17 at 12-13.)  Although the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, the ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record.  Lipperman v. Colvin, C/A No. 8:12-2635-DCN, 2014 WL 819497, at *10 (D.S.C. Feb. 28, 2014) (citing Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986); Walker v. Harris, 642 F.2d 712, 714 (4th Cir. 1981) (noting that the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate); Clark v. Shalala, 28 F.3d 828, 830–31 (8th Cir. 1994)) (internal quotation marks omitted).  In this regard, "[t]he ALJ must make a reasonable inquiry into a claim of disability; he has no duty to 'go to inordinate lengths to develop a claimant's case.'"  Id. (citing Thompson v. Califano, 556 F.2d 616, 618 (1st Cir.1977)).  Therefore, upon review, the court finds that there was adequate evidence in the record for the ALJ to make his decision, and the ALJ appropriately discharged his duty.  Accordingly, the court sustains the Commissioner's objection to a finding that the ALJ did not properly develop the record.

The Commissioner next objects to the magistrate judge's criticism of the ALJ's explanation of the basis for his reliance on the Grids. (ECF No. 17 at 10.) The magistrate judge concluded that the matter needed to be remanded because the ALJ's decision did not adequately explain why Plaintiff's non-exertional limitations of borderline intellectual functioning, illiteracy, and use of a colostomy bag did not preclude the ALJ from relying exclusively on the Grids to establish that Plaintiff could perform the full range of sedentary work. Upon review, the court agrees with the magistrate judge and finds that Plaintiff's combination of exertional and non-exertional impairments presented a situation where the Commissioner needed to establish through expert vocational testimony - not exclusive reliance on the Grids – that specific jobs exist in the national economy that Plaintiff can perform. See Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983). Based on the foregoing, the court overrules the Commissioner's objection and remands the matter so that the ALJ can properly evaluate whether there are specific jobs in the national economy that Plaintiff can perform despite his combination of exertional and non-exertional impairments.

The Commissioner's third objection focuses on the magistrate judge's criticism of the ALJ's discussion of the combined effect of Plaintiff's borderline intellectual functioning and his status post gunshot wound. Upon review, the court agrees with the Commissioner that the ALJ sufficiently addressed the relationship between Plaintiff's impairments. In this regard, the court sustains the Commissioner's objection to the requirement of any further explanation of this issue by the ALJ.

### III.    CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS IN PART AND REJECTS IN PART** the magistrate judge's Report and Recommendation incorporating it by

reference, and **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits and Social Security Income pursuant to sentence four of 42 U.S.C. § 405(g) and remands the case to the Commissioner for further proceedings consistent with this decision.

    **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 31, 2014
Columbia, South Carolina